IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FOUR THOUSAND EIGHT | ) | CIVIL ACTION NO. |
| HUNDRED SEVENTY SEVEN | ) | 1:10cv656-MHT |
| ($4,877.00) DOLLARS IN | ) | (WO) |
| UNITED STATES CURRENCY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This case is before the court on plaintiff United States of America's verified complaint for forfeiture in rem. In the complaint, the plaintiff seeks the condemnation and forfeiture of defendant property, which consists of $ 4,877.00 seized from Leonel Islas-Mendoza, and $ 5,300.00 seized from Maria Miranda-Garcia.

The complaint is accompanied by a proposed warrant for arrest in rem. Because the proposed warrant provides for signature by a district judge, the court will treat

the warrant as a motion requesting that a district judge issue a warrant for arrest in rem.

"The Federal Rules of Civil Procedure, as modified by the Supplemental Rules for Certain Admiralty and Maritime Claims, govern the litigation of in rem forfeiture proceedings."  United States v. $242,484.00, 389 F.3d 1149, 1171 (11th Cir. 2004).  Supplemental Rule G(3)(b) sets forth the process for the issuance of a warrant.  It states, in pertinent part:

> "If the defendant is not real property:
>
> (i) the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;
>
> (ii) the court--on finding probable cause--must issue a warrant to arrest the property if it is not in the government's possession, custody, or control and is not subject to a judicial restraining order; and
>
> (iii) a warrant is not necessary if the property is subject to a judicial restraining order."

Fed. R. Civ. P., Supp. R. G(3)(b).

2

The complaint alleges that "the Defendant property is presently in the custody of the United States Marshals Service, Montgomery, Alabama." Compl. at 2 (Doc. No. 1). Because the property is in the government's custody, the clerk may issue the requested warrant for arrest in rem, and there is no need for a district judge to do so.

***

Accordingly, it is ORDERED that plaintiff United States of America's proposed warrant for arrest in rem (Doc. No. 1-1) is treated as a motion for a district judge to issue a warrant for arrest in rem and said motion is denied. Plaintiff United States of America may still request that the clerk of the court issue the warrant pursuant to Rule G(3)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

DONE, this the 11th day of August, 2010.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE